# DuBois *v.* Walnut, Appellant.

*Deed—Revocation—Life tenant—Power to appoint to new uses—Exercise of power—Will.*

A tenant for life under a deed who has the power to revoke the uses declared in the deed, and to appoint to new uses, properly and sufficiently exercises such power when by will she provides, "as to all my estate real and personal, and with intent to execute all powers vested in me I do give, devise and bequeath and appoint as follows."

Argued March 27, 1908. Appeal, No. 110, Jan. T., 1908, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1907, No. 2,921, for plaintiff on case stated in suit of Henry M. DuBois, Executor of the last will and testament of Eliza L. B. Wagner, deceased, v. Charles P. Walnut. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Case stated to determine title to real estate.

KINSEY, J., filed the following opinion.

This is an amicable action in assumpsit by the plaintiff as executor of Mrs. Eliza L. Burt Wagner and defendant Charles P. Walnut, a proposed purchaser, to determine the marketable title to certain real estate situated at No. 702 Locust street, upon certain facts agreed upon as follows :

It appears that said premises, by deed of Isaac Hazlehurst, dated June 6, 1847, were conveyed to one Schaffer in trust for life of Mrs. Mary L. Burt, and at her death in undivided equal shares to her two daughters, Clarissa Ashmead and Eliza L. Burt, for life, with cross-remainders, and in case they should die without lawful issue, then to the right heirs of the said Mrs. Burt. Both daughters died without issue. Clarissa Ashmead died first, in 1893, leaving her residuary estate to her sister, Eliza L. Burt Wagner, of whose estate the plaintiff is executor. By the deed creating the said trust it was further provided :

" Provided always nevertheless and it is hereby expressly agreed and declared by and between the said parties that not-

withstanding anything herein contained, it shall and may be lawful for the said Mrs. Burt at any time hereafter by any writing or writings under her hand and seal and attested by two or more credible witnesses to revoke, annul, make void, change and alter all and every use and uses, estate and estates hereinbefore expressly limited and declared of and concerning the premises hereby granted or any part thereof."

The said Mary L. Burt died February 7, 1867, leaving a will signed, sealed and attested by two credible witnesses and dated June 16, 1860, wherein she provided as follows:

" As to all my estate, real and personal and with intent to execute all powers vested in me, I do give, devise, bequeath and appoint as follows: One moiety of said estate real and personal to my daughter, Eliza L. Burt, her heirs and assigns."

The question to be decided is, was this provision in the will of Mary L. Burt a valid exercise of the power of revocation as required by the language of the deed of trust of said Hazlehurst?

In Pennsylvania, as to whether there has been the exercise of a revocation, the criterion is the intention of the donee of such power.

This intention is specifically averred in the words of her will. The next question thereupon arises, was this provision a sufficient exercise of the power of revocation granted in the original deeds?

We are of opinion that such expression of intention under a will is such a writing as fulfills the requirement of the deed creating the power.

It is contended by defendant that as testatrix owned absolutely certain properties and had powers of appointment as to two other properties, to wit: 136 South Eighth street and Morgan street, near Tenth street, she has not defined clearly to what property she refers. The language used is, " all my estate real and personal," and " all the powers vested in me." It is certainly to be inferred that this language, which is comprehensive, simple and intelligible, should not be deemed applicable to less than all her property and all her powers. Any other view would be to force a construction other than implied by the ordinary meaning of the language used.

It has also been argued that by the use of the word " my "

in her will, in connection with " my estate," she intended to restrict her will to her own property as distinct from property over which she had power of appointment.   We do not feel such an inference would be justified, save by a violation of the customary understanding of language. . Indeed, the facts show the fallacy of such contention.

Therefore, in accordance with the terms of the case stated, the court directs that judgment be entered in favor of plaintiff and against the defendant in the sum of $10,000, with costs of action.

*Error assigned* was in entering judgment for plaintiff.

*T. Henry Walnut,* for appellant.

*Henry M. DuBois,* with him *Thomas A. Gummey,* for appellee.

PER CURIAM, May 11, 1908 :
Judgment affirmed on the opinion of the court below.